Mr. Justice Thacher
delivered the opinion of the court.
This was a trial of the right of property in two slaves and a wagon.
Two judgments had been obtained by different parties against Robert E. Halford and others upon the same day, to wit, the 9th day of April, 1839. An execution proceeding from one of the judgments had been levied upon the above-mentioned slaves and wagon, as the property of Halford. Upon the 16th day of January, 1S43, the sale under this execution took place, and *177 Pritchard, the claimant, became the purchaser of the property in question. Upon the same day, and after the sale, an execution proceeding from the other judgment was levied upon the same property, as still the property of Halford; whereupon Pritchard proceeded in the usual way to procure a trial of the right in the property.
At the trial, the plaintiff in the execution having introduced the record of the judgment under which he sought to subject the property, and proof of its title in Halford, the claimant then introduced the record of the judgment and execution under which the sale took place. By this record, it appeared that in one stage of its proceedings an execution had issued upon the judgment, and a forthcoming bond had been taken by a deputy sheriff, which had been returned, and constituted a part of the proceedings.
By the plaintiff in the execution it was contended, that as a forfeiture of a forthcoming bond had occurred in the judgment under which the sale took place, it caused a satisfaction of the original judgment, extinguished the lien of that judgment, and of course, let in, in full force, his execution, which had regularly emanated from his judgment, bearing date the 9th day of April, 1839.
On the part of the claimant, it was contended, that the judgment, by virtue of the forfeiture of the forthcoming bond, was null and void for various reasons. First, that it did not appear that a levy had been made by virtue of the execution, in consequence of which the forthcoming bond was executed; secondly, that the forthcoming bond was not returned forfeited under the hand of the sheriff; and thirdly, that the deputy sheriff, who seemed to have taken the forthcoming bond, was not duly authorized by law to act in the premises. These grounds were the points upon which instructions were asked by the claimant, and refused in the circuit court.
To the first reason we may reply, that if the objection can fairly be raised in a trial like this, the bond narrates the levy, and is evidence of it. To the second, that the forthcoming bond bears the word “ forfeited ” upon it, and was returned into the *178 circuit court, which circumstance alone is evidence of its forfeiture. Talbert v. Melton, 9 S. & M. 9. The third reason, founded upon the objection, that the deputy sheriff who took the forthcoming bond, acted without appointment according to law, might, perhaps, prevail, did the proof support the averment. This proof is limited to the evidence of the clerk of the probate court, who testified, that he had twice searched the records of his office unsuccessfully to find the record of the appointment of the deputy sheriff, and to his belief in its non-existence in that office. This same witness, however, and another testified to the careless manner in which that office had been kept by a predecessor in it. On the other hand, the record of the judgment was prima facie evidence of his appointment as deputy sheriff, and there was other testimony that he served in that capacity. At all events, the position of claimant, as to his legal capacity, was far from conclusively established.
The instruction asked for by the claimant, calling the attention of the jury to the evidence respecting the qualifications of the deputy sheriff, might properly have been given; but when the jury have given a correct verdict, it will not be set aside for erroneous instructions, or for a refusal to give instructions, where instructions given or correctly given, could not or should not have changed the result. Hill v. Calvin, 4 How. 231.
The jury found the property subject to the execution of the defendant, Myers, and the judgment is affirmed.